[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE FURTHER EFFORTS FINDING
This court conducted an extension of commitment hearing concerning the above-referenced children on June 10, 1999. At that hearing, each child's commitment to the care and custody of the Department of Children and Families (DCF) was extended for a period not to exceed one year, effective June 26, 1999.
At said hearing, DCF requested that the court find that further efforts to reunify the minor child, Kasandra A. with her mother, Luz A., were still appropriate. The court made this finding as requested.
However, the petitioner also requested on June 10 that the court find that further efforts to reunify the respondent mother with the minor children Jose C. and Luis C. were no longerappropriate. Counsel for Luz A. objected to this request. A brief evidentiary hearing was conducted on this matter. A social study by DCF (Petitioner's Exhibit 1) and the report of Dr. Bruce Freedman, a clinical psychologist, (Court's Exhibit 1) were received into evidence without objection. At the conclusion of hearing, the court deferred decision on the "no further efforts" finding until it could review at greater length the written evidence submitted by DCF and the psychological evaluator.
The court has carefully reviewed the two exhibits, and finds that the following facts were proven by a preponderance of the evidence:
Jose and Luis have been in foster care for more than two years. (Petitioner's Exhibit 1, Page 2). Prior to their removal from the parental home, both children were physically abused by their mother. (Petitioner's Exhibit 1, Page 2, and Court's Exhibit 1, Page 2). Jose and Luis both remember the abuse inflicted by Luz A., and are afraid of their mother for that reason. (Court's Exhibit 1, Pages 3, 4, 5 and 11). Both children CT Page 7095 stated that they would prefer to remain in their present foster homes as opposed to returning to live with their mother. (Court's Exhibit 1, Pages 3 and 4).
As the result of an interactional assessment, Dr. Freedman determined that the boys have a poor relationship with their mother. Dr. Freedman opined:
 "Reunification efforts between mother and the two boys would not make sense based on the length of placement and the observed permanent damage between the mother and the two boys." (Court's Exhibit 1, Page 10).
The court accepts the forgoing opinions and observations of Dr. Freedman as credible fact.
Based on the totality of the evidence received, the court finds by a preponderance of that evidence that further efforts by DCF to reunify Luz A. with Jose C. and Luis C. are no longerappropriate.
Dated at Hartford, Connecticut this 15th day of June 1999.
BY THE COURT
Dyer, J.